UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERNEST BUSTOS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-07-CA-667-XR |
| | ) |
| MARTINI CLUB INCORPORATED, *et al*. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Defendants Sheryl Sculley and William McManus filed a motion to dismiss Plaintiff's claims against them (Docket No. 27). After considering their motion and Plaintiff's response, the Court GRANTS in part the motion. Plaintiff's federal law claims against Defendants Sculley and McManus are dismissed. Plaintiff's state law claims will be dismissed upon motion from the City of San Antonio and the San Antonio Police Department pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e).

**Factual Background**

On December 31, 2006, Plaintiff alleges he was attempting to pay his tab at the Martini Club when an unknown officer struck him in the face after mistakenly believing that Plaintiff pushed him. Annette Harper, the bartender, purportedly told Plaintiff to exit out the back door, where Plaintiff alleges four San Antonio police officers were waiting to ambush him. Instead of following Ms. Harper's advice, Plaintiff opted to exit through the front door. As he attempted to do so, he avers that he was shoved by an officer onto the concrete, sustaining injuries to his chest

and left hand. Plaintiff called 911 at 2:42 a.m., but alleges the operator refused to respond to his request for aid because he was unable to provide the badge number of any of the officers that allegedly assaulted him.

Plaintiff filed suit alleging federal and state law claims against a number of people and entities, including the City of San Antonio, the San Antonio Police Department, City Manager Sheryl Sculley, and Chief of Police William McManus.

## Legal Analysis

Motion to Dismiss

In determining the merits of a 12(b)(6) motion to dismiss, the Court must accept "all well-pleaded facts as true and . . . view them in the light most favorable to the plaintiff."[1] Moreover, the Court "may not look beyond the pleadings" in ruling on the motion.[2] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[3] In other words, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[4]

Federal Law - Official Capacity Claims

Plaintiff has sued Defendants Sculley and McManus in their official and individual capacities. Defendants contend that a federal law "claim against a municipal employee in his

---

[1] McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

[2] *Id*.

[3] In re Katrina Canal Breaches Litigation 495 F.3d 191, 205 (5th Cir. 2007).

[4] Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).

official capacity is simply an alternative way of pleading a suit against the governmental entity by which the official is employed."[5] Therefore, they argue, Plaintiff's claims against them are redundant of the claims against the City of San Antonio and the San Antonio Police Department and should be dismissed.

The Court agrees with Defendants. As the Supreme Court has stated, "there is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief."[6] Therefore, Plaintiff's federal law official capacity claims against Defendants Sculley and McManus are dismissed.

Federal Law - Negligence Claims

Plaintiff pleads negligence claims against Defendants, who in turn assert that negligence is insufficient to support 42 U.S.C. § 1983 claims. The Court agrees for the reasons set forth in *Daniels v. Williams*, where the Supreme Court held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."[7] Thus, Plaintiff's §1983 negligence-based claims against Defendants Sculley and McManus are dismissed.

Federal Law - Supervisory Liability Claims

Plaintiff cannot maintain § 1983 claims against Defendants on a theory of respondeat

---

[5] Docket No. 27 at 4.

[6] Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985) (the Court refers to its decision in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)).

[7] 474 U.S. 327, 328 (1986) (emphasis original).

superior. As the Fifth Circuit has made clear, "supervisory officials, like the defendant officials, cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."[8] Rather, "only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."[9] Supervisory officials may, however, "be liable when enforcement of a policy or practice results in a deprivation of federally protected rights."[10]

Plaintiff must show that Defendants' alleged failure to train or supervise the police officers "constituted deliberate indifference to [his] constitutional rights."[11] The deliberate indifference standard sets a high hurdle. To surpass it, Plaintiff must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."[12]

In support of his allegations, Plaintiff alleges "willful blindness" by Defendants Sculley and McManus "to the systemic problem with abuse and the Defendants' failure to insure the officers were properly trained."[13] This "systemic problem . . . is evidenced by the number of

---

[8] Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999).

[9] Id.

[10] Id.

[11] Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003).

[12] Conner v. Travis County, 209 F.3d 794, 796-7 (5th Cir. 2000).

[13] Docket No. 28 at 7.

known violations against civil rights" reported in "numerous newspaper articles."[14] Furthermore, Plaintiff refers to a September 21, 2007 meeting of the Civil Rights and Human Rights Coalition, which allegedly "met to address the civil rights issues and the abuses of San Antonio Police and the obvious lack of oversight."[15] For these reasons and others,[16] Plaintiff contends Defendants' motion as to his supervisory claims should be denied.

Plaintiff confuses, however, mere allegations with competent evidence. Merely referring to the alleged existence of newspaper articles and a citizen coalition does not suffice to show that a clear pattern of constitutional abuse exists. Additionally, an unsupported allegation that forty-nine cases purportedly exist where parties contend that "abuse of police power and assault by police officers" occurred is unilluminating.[17] Besides the fact that allegations alone cannot be taken as evidence of guilt, Plaintiff does nothing to show whether or if the actions complained of in those cases have any relation to the facts and alleged type of abuse underlying this case.[18]

---

[14] *Id.* at 7-8.

[15] *Id.* at 8.

[16] Plaintiff also alleges, amongst other things, that "there are approximately forty-nine (49) pending cases alleging abuse of police power and assault by police officers . . . If, as is maintained, McManus properly performed his official duties of training, supervising, and disciplining his employees of the Police Department, then obviously approximately 100 officers have managed to avoid McManus' training." (*Id.* at 2).
As for Defendant Sculley, Plaintiff contends that "as City Manager, [she] interviewed applicants for the position of Chief of Police and finally settled on William McManus, obviously not reviewing his past ability to properly train, supervise, or discipline his employees and/or his past history of lawsuits naming him as a Defendant." (*Id.*).

[17] *Id.*

[18] An allegation that a police officer violated someone's Fourth Amendment rights against an unreasonable search is not necessarily of the same character as an allegation that a police officer physically assaulted an innocent bystander.

Additionally, the officers who allegedly attacked Plaintiff were off duty at the time of the incident. Plaintiff asserts the proposition, without providing any legal citation to support it, that "police officers are never off duty."[19] Were such to be true, a police department could potentially be liable for any actions of its officers, whether in the privacy of their own homes or far away during a family vacation.

At any rate, Plaintiff has failed to do anything more than make conclusory assertions, coupled with references to inadmissible evidence, to support his allegation that Defendants Sculley and McManus were "deliberately indifferent in adopting the hiring or training policy" and that their inadequate policy "directly caused the plaintiff's injury."[20]

As a result, Defendants' motion to dismiss is granted as to Plaintiff's supervisory claims against them.

State Law Claims

It is not clear whether Plaintiff has pled state law claims against Defendants Sculley and McManus specifically, and if so, what the nature of those claims is. The Court will assume for purposes of this motion that Plaintiff is alleging respondeat superior liability and negligence in hiring and training.

The Texas Civil Practice and Remedies Code provides that a Plaintiff must elect between suing a governmental unit or the employees of that unit.[21] When a Plaintiff files a suit against both the unit and its employees, "the employees shall immediately be dismissed on the filing of a

---

[19] Docket No. 28 at 5.

[20] *Conner*, 209 F.3d at 796.

[21] Tex. Civ. Prac. & Rem. Code § 101.106.

motion by the governmental unit."[22]

Plaintiff is suing, amongst others, the City of San Antonio, the City of San Antonio Police Department, and Defendants Sculley and McManus. Accordingly, once the City of San Antonio and the San Antonio Police Department file a motion to dismiss the claims against these individual defendants, Plaintiff's state law claims against them will be dismissed.

## Conclusion

Defendants Sculley and McManus' motion to dismiss Plaintiff's federal and state law claims against them is granted as to the federal law claims. The state law claims will be dismissed upon motion from the City of San Antonio and the San Antonio Police Department pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e).

It is so ORDERED.

SIGNED this 31st day of March, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[22] Tex. Civ. Prac. & Rem. Code § 101.106(e).